```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - - -X

GARY LA BARBERA, et al.,

                Plaintiffs,

                                              ORDER

    - against -

                                        CV 2006-5306 (DLI)(MDG)

ASTC LABORATORIES, INC., et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - -X

    By letter dated May 3, 2007 ("Chun Let."), Jae Chun, counsel for plaintiffs Gary La Barbera and other trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds, moves for entry of default judgment against defendants American Standard Testing Laboratories, Inc. and American Standard Testing and Consulting Laboratories, Inc. (the "defendants")[1] pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure because of defendants' failure to comply with discovery requests and orders of this Court. See ct. doc. 16. Defendant has not responded.

## BACKGROUND

    The pertinent facts are undisputed and are set forth in the instant letter application and an earlier letter motion to compel dated April 10, 2007 by Ms. Chun ("First Chun Let.") (ct. doc.

---

[1] The other defendant, ASTC Laboratories Inc., failed to file an answer. Plaintiffs' motion for default judgment is pending.

9). On February 20, 2007, plaintiffs served interrogatories, document requests and deposition notices on defendants. First Chun Let. at 1. Despite several extensions granted by plaintiffs' counsel, defendants failed to respond. Id. By endorsed order filed electronically on April 17, 2007, this Court granted the plaintiffs' motion to compel and directed defendants to respond to plaintiffs' written discovery requests by May 2, 2007 and to call plaintiffs' counsel by April 23, 2007 to arrange for depositions to be held prior to May 16, 2007. As noted in the first Chun Let., defendants failed to call to schedule a deposition. As noted in the instant application, defendants failed to respond to the interrogatories and document requests by the May 2, 2007 deadline set by the Court.

## DISCUSSION

As a preliminary matter, I address whether I have jurisdiction to consider plaintiffs' motion, which seeks entry of default judgment. This case has been referred to me pursuant to this Court's standing order generally referring "all non-dispositive pretrial matters" to the assigned magistrate judge. Local Civil Court Rule 72.2(a). Notwithstanding the dispositive nature of the relief sought, plaintiffs' request is essentially one for sanctions for failure to comply with discovery requests and orders of the Court, a matter generally within my pretrial reference authority. However, since entry of default is a potential sanction, whether my decision is a matter within my

pretrial reference authority depends on the sanction imposed. See 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 at 342-44 (2d ed. 1997) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions"). Were I to determine that the sanction of dismissal is appropriate, I would convert this decision to a report and recommendation for consideration under Fed. R. Civ. P. 72(b). See, e.g., Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986). If I decline to impose plaintiffs' requested sanction of dismissal, then Rule 72(a) would govern. See, e.g., Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5-6 (1st Cir. 1999); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525-26 (2d Cir. 1990)). In any event, since the application is based, in part, on defendants' failure to comply with my discovery orders, this Court will address these issues in the first instance.

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order striking out pleadings or parts thereof,... or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C).  Likewise, the sanctions available under Rule 37(b)(2) may be imposed if a court grants a motion to compel under Rule 37(d) for failure to respond to interrogatories and document requests.  See Fed. R. Civ. P. 37(d).

Because dismissal with prejudice for discovery failures is a harsh sanction, dismissal is appropriate only in extreme situations.  See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).  This sanction may be imposed only if the Court (a) finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) gives notice ... that violation of the court's order will result in a dismissal of the case with prejudice.  See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had in fact been given, id. at 764, cert. denied, 499 U.S. 943 (1991).  In addition, dismissal is appropriate only "after consideration of alternative, less drastic sanctions."  Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 253 (2d Cir. 1996).

Defendants clearly have failed to provide discovery ordered by this Court.  As related in the First Chun Let., defendants' counsel advised that his clients would not provide the discovery sought.  Such non-compliance has persisted notwithstanding this Court's order.

Therefore, the Court finds that sanctions are appropriate here in order to deter defendants and other litigants from disobeying court orders and ignoring valid discovery requests. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); see Fed. R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery"). This Court declines to recommend entry of default judgment as requested by plaintiffs since this is too drastic a sanction at this juncture. Cf. Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995) (courts must impose less drastic sanctions, before resorting to dismissal). Instead, this Court sanctions defendants $500, payable to the plaintiffs for the costs and fees expended in their efforts thus far to obtain discovery.

CONCLUSION

For the foregoing reasons, defendants are jointly sanctioned $500, which payment must be made to plaintiffs' counsel by June 17, 2007. Defendants must respond to plaintiffs' written discovery requests by June 1, 2007 and must call plaintiffs' counsel by June 1, 2007 to arrange for their depositions to be held prior to June 17, 2007. Discovery is extended to June 29,

2007 and the next conference is adjourned to July 2, 2007 at 11:00 a.m. Defendants American Standard Testing Laboratories, Inc. and American Standard Testing and Consulting Laboratories, Inc. are warned that if they fail to comply with this order and do not provide the discovery ordered in a timely fashion, further and more drastic sanctions <u>will</u> be imposed, including a recommendation that their answer be striken and default entered.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 10, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE